**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSEPH SWEENEY, | |
| Plaintiff, | Civil Action No. 25-14982 (MAS) (JBD) |
| v. | **OPINION** |
| ESSEX COUNTY, NEW JERSEY, | |
| Defendants. | |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Joseph Sweeney's civil complaint (ECF No. 1) and most recent application to proceed *in forma pauperis*. (ECF No. 6.) Having reviewed the application, the Court finds that *in forma pauperis* status is warranted in this matter, and Plaintiff's application is therefore granted. Because the application shall be granted, the Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**I.     BACKGROUND**

Plaintiff is a prisoner currently detained in the Suffolk County Correctional Facility. In his current complaint, he seeks to raise claims related to his detention in the Essex County Correctional Facility between September 2021 and October 2023. (ECF No. 1 at 2.) According to Plaintiff, during this period, prisoners regularly smuggled K2, a synthetic cannabinoid, into the facility

through "chemically treated paper" mailed to inmates from outside the facility. (*Id.* at 3.) Plaintiff asserts that inmates regularly smoked these sheets in their cells, using batteries, light wiring, and other objects. (*Id.* at 3-5.) Plaintiff contends that the smoke from these actions was ubiquitous, leading to his exposure to secondhand smoke and long-lasting breathing issues. (*Id.* at 5-7.) When Plaintiff raised his breathing problems to medical staff, at the time overwhelmed with the COVID-19 pandemic, he was provided medication, inhalers, and instructions on how best to protect himself through masking. (*Id.* at 7.) Plaintiff, nevertheless, contends that jail officials and the county were deliberately indifferent to his safety. (*Id.* at 5-7.)

While Plaintiff asserts that jail staff took no meaningful action to curtail the smuggling and abuse of K2 by inmates, he alleges facts that undercut this allegation. Specifically, Plaintiff acknowledges that: (1) at least one individual was investigated and ultimately indicted for smuggling and distributing K2 in the jail; (2) inmates were routinely given institutional write ups and charges for smoking and drug possession when discovered smoking or in possession of K2; and (3) smoking and K2 use were against the facility's rules and policies. (*See id.* at 7-9.)

Based on his allegations, Plaintiff seeks to assert deliberate indifference to medical needs claims against: (1) Essex County; (2) the Essex County Sheriff's Department; (3) a number of John Does identified only as members of the jail's administration and staff; (4) a group of individuals identified only as medical staff with whom Plaintiff dealt; and (5) the general category of employees of Essex County jail. (*Id.* at 1-3.) Plaintiff makes no efforts, however, to identify any actual defendants or explain how they were personally involved in the alleged wrongs, nor does he attempt to specifically state how any given John Doe defendant was involved in the events at issue in his complaint. Plaintiff also fails to identify any specific policy adopted by any Defendants which gives rise to his complaint.

## II.   <u>LEGAL STANDARD</u>

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to screen Plaintiff's complaint and must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the

line between possibility and plausibility" and will not survive review under Rule 12(b)(6).  *Id.* (quoting *Twombly*, 555 U.S. at 557).  While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

**III.    DISCUSSION**

In his complaint, Plaintiff seeks to raise claims in which he asserts that Essex County, its Sheriff's Department, and various staff members of the Essex County jail and its medical department were deliberately indifferent to his medical needs in failing to fully curtail the use and abuse of K2 within the jail between September 2021 and October 2023.  Plaintiff, however, makes no effort to differentiate between different individuals involved in the alleged wrongs, and instead attempts to connect any and all individual Defendants by asserting they were as a group responsible for alleged failings in the jail and its medical department.  A civil rights plaintiff, however, cannot state a claim for relief by alleging that defendants as a group wronged him, *see Cheng v. Byrd*, No. 24-5345, 2024 WL 3873945, at *2 (D.N.J. Aug. 20, 2024), and instead can state a claim only by specifically pleading how each defendant was personally involved in the alleged violations of his rights.  *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988).  Where a given defendant is a supervisory official, he can not be held liable based on the actions of his subordinates and can only be held liable where he was either directly involved, had knowledge of and acquiesced in the wrongdoings of others, or where he put into place a policy, practice, or custom which was the moving force behind the alleged violations.  *Chavarriaga*, 806 F.3d at 222; *see also Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).  Because Plaintiff fails to allege facts indicating how any specific individual Defendant was personally involved in the alleged

violations, he fails to state a claim for relief against any of the individual Defendants[1] and his claims against them must be dismissed without prejudice.

Moving beyond the individual Defendants, Plaintiff also raises his claims against the Essex County Sherriff's Department and Essex County itself. Because a sheriff's or police department is merely a sub-unit of a municipality and is not itself a person subject to suit in a federal civil rights matter, the proper defendant would instead be the municipality itself. *See, e.g.*, *Jackson v. City of Erie Police Dep't*, 570 F. App'x 112, 114 n.2 (3d Cir. 2014); *see also Callaway v. Cumberland Cnty. Sheriff Dep't*, No. 14-4853, 2015 WL 4623462, at *4 (D.N.J. Aug. 3, 2015). Plaintiff's claims against the Sheriff's Department must therefore be dismissed and his claims instead may be brought solely against Essex County itself.

Turning to the County, a local municipality may only be held liable in a federal civil rights proceeding where it adopted, either directly or through a representative authorized to do so, a policy, practice, or custom which was the moving force behind the violations of the plaintiff's rights. *Natale*, 318 F.3d at 583-84; *see also Los Angeles County v. Humphries*, 562 U.S. 29, 35-36 (2010); *City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). Plaintiff does not identify a relevant policy, practice, or custom put into place by the county which gave rise to his claims and instead relies on the general assertion that officers failed to curtail K2 to lay the blame on the County. Plaintiff, however, also alleges facts which clearly indicate that the County and its jail adopted policies designed to curtail the harm in question. For example, inmates were investigated and charged with smuggling and

---

[1] The Court further notes that, as to the group pled medical defendants, Plaintiff also pleads facts that show that they did not ignore his issues and instead provided him with help, medications, and other aid which indicates they were not deliberately indifferent to Plaintiff's needs in any event. *See Natale*, 318 F.3d at 582 (medical claim requires showing that a plaintiff had a serious medical need and the defendants' actions and omissions amount to deliberate indifference towards that need).

5

distributing crimes and inmates were written up and faced institutional infractions for smoking within the facility.  Plaintiff has thus failed to allege facts which could permit the inference that any adopted policy, practice, or custom of Essex County was actually the moving force behind any violations of Plaintiff's rights.  Plaintiff's claims against the County must therefore be dismissed without prejudice at this time.

Finally, while the Court's analysis above is sufficient to warrant the dismissal of Plaintiff's complaint in its entirety for failure to state a claim upon which relief may be granted, the Court further notes that at least portions of Plaintiff's claims are almost certainly time barred.  Federal civil rights claims in New Jersey are subject to New Jersey's two year statute of limitations for personal injury actions.  *See Wallace v. Kato*, 549 U.S. 384, 389-90 (2007); *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009); *Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013).  Plaintiff alleges in his complaint that the events about which he complains occurred between September 2021 and October 2023.  He did not file this action, however, until late August 2025.  (ECF No. 1.) Absent some basis for tolling, any events that occurred prior to August 2023 would be time barred. To the extent Plaintiff chooses to pursue an amended complaint, he should be aware of the time bar issue.  Furthermore, to the extent Plaintiff seeks to pursue claims for the time period prior to August 2023, he should be prepared to address why those claims should not be dismissed with prejudice as time barred.

## IV.    <u>CONCLUSION</u>

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 6) is **GRANTED**; and Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT**

**PREJUDICE** for failure to state a claim upon which relief may be granted.  An order consistent

with this Opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

**Dated:** December _9th_, 2025